IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY A. JACOBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 10-cv-422-WDS |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE AGENCY, GARY | ) |
| MERSINGER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are four pending motions: (1) defendant Gary Mersinger's ("Mersinger") motion to dismiss Mersinger as a defendant (Doc. 5), to which the plaintiff filed a response (Doc. 12); (2) defendants' motion to dismiss Count III in its entirety and all allegations of constructive or wrongful discharge (Doc. 6), to which plaintiff filed a response (Doc. 13); (3) defendants' motion to strike (Doc. 19) the plaintiff's amended complaint (Doc. 18), to which plaintiff did not file a response; and (4) plaintiff's motion for leave to file an amended complaint (Doc. 26), to which the defendants filed a response in opposition (Doc. 27).

**BACKGROUND**

This cause of action arises from plaintiff's employment with and eventual resignation from the United States Department of Agriculture ("USDA"), spanning from approximately June 30, 1997, to April 11, 2008. During her tenure at the USDA, Plaintiff worked as a Rural Development Specialist at the USDA Service Center located in Madison County, Illinois. Defendant Mersinger was a Rural Development Manager, and plaintiff's supervisor at the service center.

Plaintiff alleges that in October 2007, she filed a complaint with the USDA, alleging sexual harassment and retaliation by her supervisor, Mersinger. The USDA conducted an administrative review and issued a final order on March 11, 2010, in which the USDA and EEOC allowed a 90 day period in which plaintiff could file suit. This cause of action was filed pursuant to that order.

Plaintiff's original complaint (Doc. 2) consists of 3 Counts: (I) sexual harassment, (II) retaliation, and (III) intentional infliction of emotional distress.

Defendants note that in each count plaintiff alleges that she was essentially "forced" to resign from her position due to harassment and hostile work environment, which equates to constructive or wrongful discharge from federal employment. Plaintiff does not set out a separate claim for constructive or wrongful discharge, but pleads it generally in Counts I through III.

On May 6, 2011, plaintiff filed an amended complaint including a fourth Count alleging intentional retaliation against plaintiff based upon her need for accommodation related to a serious back condition, all in violation of the Family Medical Leave Act (Doc. 18).

The Scheduling and Discovery Order was filed on February 4, 2011 (Doc. 10), setting July 8, 2011, as the discovery cutoff, however, Magistrate Judge Philip M. Frazier recently extended the discovery deadline to October 11, 2011, and the deadline for dispositive motions to October 24, 2011 (Doc. 29).

## LEGAL STANDARD

Before considering the motions to dismiss related to the original complaint, the Court will determine whether it will allow plaintiff to file an amended complaint.

Under Fed. R. Civ. P. 15(a), the plaintiff may amend her pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required,

21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Otherwise, the plaintiff may only amend its complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The Rule instructs the Court to give leave freely when justice so requires.  *Id.*  Here, plaintiff cannot amend her complaint as a matter of course under the rule because she filed the amendment eleven (11) months after serving her original complaint and more than four (4) months after defendants answered and filed motions pursuant to Fed. R. Civ. P. 12(b).  Plaintiff has not obtained the defendant's written consent, and in fact, defendants have filed a motion to strike the amended complaint (Doc. 19), and a response in opposition to the plaintiff's motion to amend (Doc. 27).  Therefore, under Rule 15, plaintiff may only amend its complaint if the Court grants leave to do so.

## **ANALYSIS**

Plaintiff filed her amended complaint on May 6, 2011 (Doc. 18), without leave of the Court, but later requested leave on June 7, 2011 (Doc. 26).[1]  Before plaintiff filed her amended complaint, defendants had already filed an answer (Doc. 4), and two motions to dismiss (Docs. 5, 6), all on January 4, 2011.  Plaintiff asserts that she should be allowed to file her amended complaint because the proceeding is still in its early stages.  Defendants oppose plaintiff's amendment, pointing to the July 8, 2011 discovery deadline set by the Court in its Scheduling and Discovery Order entered February 4, 2011 (Doc. 10). Notably, that same Scheduling Order set May 14, 2011, as the deadline for motions to amend the pleadings (Doc. 10).

---

[1] Local Rule 15.1 sets out the proper method of obtaining leave to submit an amended complaint.  Plaintiff should note that these rules apply in all proceedings in this district, and she (through her attorney) must follow them.

Defendants also oppose the amended complaint on the basis that they have already served interrogatories on plaintiff addressing only the three (3) claims in the original complaint, and because the number of interrogatories are expressly limited, defendants have already exhausted their allotted number. Additionally, defendants argue that plaintiff did not raise this claim at the administrative level and therefore she is barred from bringing it now.

Here, plaintiff submitted the amended complaint (Doc. 18) on May 6, 2011, with a one-line request to the Court to allow her to file an amended complaint. Plaintiff provided no explanation or further information to the Court regarding the new claim. On June 7, 2011, plaintiff submitted her motion for leave to file an amended complaint (Doc. 26), in which she asserts that "after investigation" she has determined that an additional count is appropriate, that the parties are still "early" in the discovery process, that plaintiff's deposition had not yet been taken, and that the request for amendment is timely.

Plaintiff filed her amended complaint nearly eleven (11) months after the initial complaint, but "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). The Court notes that according to the Scheduling and Discovery Order filed on February 4, 2011 (Doc. 10), plaintiff filed her amended pleading within the May 14, 2011 deadline to amend the pleadings. Furthermore, Magistrate Judge Philip M. Frazier recently extended the discovery deadline to October 11, 2011, and the deadline for dispositive motions at October 24, 2011 (Doc. 29). Thus, discovery has not yet closed, the parties have not participated in a final pretrial conference, nor are they sitting on the eve of trial. 520 F.3d at 743. While the Court need not grant leave to amend if it determines the pleading is futile, the Court cannot, at this stage of the proceedings, summarily make that determination without delving into the

pleadings or beyond.  *See id*.

The Court **FINDS** that justice requires that the Court grant the plaintiff's motion for leave to file an amended complaint in this case.  Plaintiff's addition of a claim at this stage in the proceedings does not unduly prejudice defendants.  In light of defendants' concern that they will be prejudiced because they have exhausted their allotted number of interrogatories, the Court **GRANTS** defendants leave to serve five (5) additional interrogatories per new claim raised by the plaintiff.  These additional interrogatories shall be served within twenty (20) days of plaintiff's filing of her second amended complaint.

## CONCLUSION

The Court, therefore, **GRANTS** plaintiff's motion for leave to file an amended complaint (Doc. 26), but will not accept as that amended complaint, the one plaintiff previously tendered, and **DIRECTS** plaintiff to file her second amended complaint on or before October 12, 2011.  The Court, therefore, **GRANTS** defendants' motion to strike plaintiff's amended complaint (Doc. 19), and plaintiff's amended complaint (Doc. 18) is hereby **STRICKEN**.  Defendants shall file a responsive pleading within fourteen (14) days of the filing of plaintiff's second amended complaint.  Defendants are **GRANTED** leave to serve five (5) additional interrogatories per new claim raised by the plaintiff, and shall serve these within twenty (20) days of the filing of plaintiff's second amended complaint.  Defendants' motions to dismiss (Docs. 5, 6) are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATE:  September 22, 2011**

                                              **/s/  WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**