# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY A. JACOBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 10-CV-422-WDS |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE AGENCY, GARY ) | |
| MERSINGER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to strike plaintiff's Exhibits E and I, and all references to Dr. Liss' and Dr. Felthous' reports within plaintiff's response to defendants' motion for summary judgment (Doc. 55). Plaintiff has filed a response to defendants' motion to strike (Doc. 59).

On December 9, 2011, Magistrate Judge Philip M. Frazier entered an Order (Doc. 52) barring plaintiff from presenting testimony from Dr. Jay Liss in support of her claims as a sanction, pursuant to Fed. R. Civ. P. 16(f)(1)(C), for plaintiff's failure to tender Dr. Liss for deposition in accordance with the revised scheduling order. Magistrate Judge Frazier denied without prejudice defendants' request for expenses incurred for obtaining their own expert, "as it remains to be seen whether the defendants will utilize information collected and reviewed by their expert."

Defendants assert that plaintiff violates the Court's Order at Doc. 52, and violates Fed. R. Civ. P. 26(a)(2) by including the expert testimony reports, quoting extensively from them, and submitting them as proof to defeat summary judgment. (Doc. 54 at 7-11, 16, 17, Ex. E, and Ex. I).

In her response (Doc. 59), plaintiff agrees that the opinions and testimony of Dr. Liss were not to be used, and asserts that she mistakenly attached the report of Dr. Liss as an exhibit. Plaintiff asserts that she only intended to refer to the opinion of Dr. Felthous, whose report was disclosed to the plaintiff by the defendant.

In the context of a summary judgment motion, a party may not rely on, and the Court may not consider, inadmissable evidence, including inadmissable expert testimony. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir.2009). Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Furthermore, under Fed. R. Civ. P. 37(c)(1), :

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"The sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). There is no requirement that the Court "'make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.'" *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). The Court may

2

consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857.

There is no evidence that plaintiff properly disclosed to the defendants her intention to use Dr. Felthous' report to support her claims. Besides her conclusory statement that Dr. Felthous' opinions are relevant and that she therefore "believes that they then are appropriate for comment," (Doc. 59), plaintiff has not provided the Court with any reason to find that her use of this expert without the appropriate disclosure is either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Due to the fact that Dr. Felthous is defendants' witness, however, the plaintiff's failure to properly "disclose" the witness in this particular situation appears to be harmless. The defendants had full knowledge of Dr. Felthous' opinions and his report, rendering plaintiff's failure to disclose harmless. While harmless, the Court is not blind to the apparent unfairness of this situation: plaintiff capitalizes on the opinion of the defendants' expert, who was only retained by defendants after learning of plaintiff's expert, who was later barred, and then plaintiff utilizes the expert paid for by the defendant to support her own case.

The Court notes that Magistrate Judge Frazier denied without prejudice the defendants' request for expenses incurred for obtaining their own expert to rebut plaintiff's expert, and it remains to be seen whether defendants will later utilize Dr. Felthous as an expert, or whether defendants will later seek sanctions on this basis. This option remains available to defendants.

Accordingly, defendants' motion to strike (Doc. 55) is **GRANTED IN PART and DENIED**

**IN PART**. All references to Dr. Liss or his reports, and any exhibits referring to his testimony or reports are hereby **STRICKEN** from plaintiff's response to defendants motion for summary judgment (Doc. 54). Specifically, Exhibit I, plaintiff's reference to Dr. Liss' report on page 17 of her response, and any references to Dr. Liss or his records contained within Dr. Felthous' report (Exhibit E), are hereby **STRICKEN** from plaintiff's response. Plaintiff may, however, at this point in the proceedings refer to the report of Dr. Felthous, to the extent that it does not rely on or refer to Dr. Liss or his report.

In light of this ruling, defendants' motion in limine (Doc. 48) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATE:  May 25, 2012**

                                      **/s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**