IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY A. JACOBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 10-cv-422-WDS |
| ) | |
| THOMAS VILSACK, in his capacity as ) | |
| Secretary of the United States ) | |
| Department of Agriculture, UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, and GARY ) | |
| MERSINGER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendants' addendum to defendants' consolidated motion and memorandum in support of summary judgment (Doc. 64). Plaintiff has filed nothing in response to the addendum. The Court issued an Order on September 17, 2012 (Doc. 63), in which each of plaintiff's claims was disposed of, with one exception: her claim of intentional infliction of emotional distress against defendant Gary Mersinger.

The Court noted that under the Westfall Act, 28 U.S.C. § 2679, federal employees are absolutely immune "from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 231 (2007).

> The Westfall Act provides that when federal employees are sued in tort for actions that the Attorney General determines were within the course and scope of their employment, the suit is deemed to be against the United States and the United States "shall be substituted" as the party defendant. 28 U.S.C. § 2679(d)(1). If the Attorney General declines to certify that the actions were within the scope of the employment, the defendant may petition the trial court to make

>such a finding. 28 U.S.C. § 2679(d)(3). If the United States is substituted as the defendant, the remedy against the United States is the exclusive remedy and any other action (specifically, any action against the defendant in his or her individual capacity) is precluded. 28 U.S.C. § 2679(b)(1).

*Foster v. Hill*, 497 F.3d 695, 696 (7th Cir. 2007). The Court had not been provided with proof that the Attorney General had certified that Mersinger's actions were within the course and scope of his employment, nor had Mersinger petitioned the Court to make such a finding, and the Court provided leave for defendants to file a new, properly supported motion.

Defendants have now provided certification from United States Attorney Stephen R. Wiggington (Doc. 64-1) that defendant Mersinger was acting within the scope of his employment at all times relevant to the allegations in this action. Defendants also submitted an affidavit from defendant Mersigner affirming that he was acting within the scope of his employment at all times relevant to the allegations in this action (Doc. 64-2). Accordingly, the common law tort claim of intentional infliction of emotional distress against defendant Mersigner is **DISMISSED WITH PREJUDICE**, and the United States is substituted as the proper defendant.

Additionally, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Plaintiff did not file this action until June 9, 2010, and conceded that she did not present this claim to the USDA. Further, plaintiff presented nothing in response to defendants' supplement showing that she presented her claim in writing to the USDA within the time limitation or that a tolling provision could or should apply on any basis. In light of this, the

2

Court hereby amends its previous Order dismissing Count III without prejudice as to the USDA, and any and all claims of intentional infliction of emotional distress against the USDA and the United States, are **DISMISSED WITH PREJUDICE**.[1]

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATE:  December 17, 2012

/s/  WILLIAM D. STIEHL
      DISTRICT JUDGE

---

[1] A common law tort claim against Mersinger in his individual capacity would be barred by the Illinois statute of limitations for the tort of intentional infliction of emotional distress, which provides a two year limitation period for such claims. *See Doe ex rel. Doe v. White*, 627 F.Supp.2d 905, 914 (C.D. Ill. 2009); 735 ILCS 5/13-202.